MEMORANDUM ***
Dr. Philip Denney appeals the district court’s summary judgment in this action alleging violations of his First Amendment free speech and Fifth Amendment equal protection rights. Denney argues that defendants involved him in the investigation of Dixon Herbs, a marijuana dispensary, in retaliation for his support of medical marijuana. We review the order granting summary judgment de novo, Adkins v. Mireles, 526 F.3d 531, 538 (9th Cir.2008), and we affirm.
There is no genuine issue of material fact whether defendants conducted a retaliatory investigation against Denney. Defendants initially tried to investigate Dixon Herbs using confidential informants (CIs) who already possessed doctors’ recommendations for medical marijuana. When no additional CIs were available locally, defendants used CIs who lacked doctors’ recommendations. Dixon Herbs required the buyers to obtain doctors’ recommendations, and referred one Cl to Denney’s office. Defendants’ decision to use Denney in their investigation of Dixon Herbs resulted from this referral, not from then- alleged intent to retaliate against him for his support of medical marijuana. The circumstantial evidence Denney relies upon fails to create a genuine issue. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); cf. Mendocino Envtl. Ctr. v. Mendocino Cotmty, 192 F.3d 1283, 1302-03 (9th Cir.1999).
Because there is no genuine issue of material fact regarding Denney’s retaliation claim, his equal protection claim also fails. Denney relies on the same circumstantial evidence to support his equal protection claim. Just as he fails to show defendants may have investigated him in a retaliatory fashion, he cannot prove that defendants were motivated by a discriminatory purpose. See Rosenbaum v. City and County of San Francisco, 484 F.3d 1142, 1152 (9th Cir.2007).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.